IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS O'DONNELL, on behalf of himself and others similarly situated,<br>Plaintiff,<br>v.<br>TAMAQUA TRANSFER AND RECYCLING, INC.,<br>Defendant. | CIVIL ACTION<br><br>FILED ELECTRONICALLY ON OCTOBER 4, 2021<br><br>CLASS/COLLECTIVE ACTION<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Thomas O'Donnell ("Plaintiff") brings this class/collective action against Tamaqua Transfer and Recycling, Inc. ("TTR") to recover all relief available under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.* Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while his PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 28 U.S.C. § 1331 and over the PMWA claim is proper under 28 U.S.C. § 1367.

1

2. Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff resides in Hazleton, PA (Luzerne County).

4. TTR is a corporation maintaining a principal place of business in Tamaqua, PA (Schuylkill County).

5. TTR is an employer covered by the FLSA and PMWA.

## FACTS

6. TTR provides garbage and recycling collection for residential and commercial customers in the Tamaqua area. *See generally* https://tamaquatransfer.com/about (last visited 9/30/21).

7. To provide their services, TTR has employed individuals whose primary job duties consist of driving waste disposal trucks and hauling waste, recycling, and other refuse to landfill or disposal sites throughout the Tamaqua area. All such work takes place within Pennsylvania. Although such individuals may have various job titles, we refer to them as "waste disposal drivers."

8. TTR employed Plaintiff as a waste disposal driver from approximately February 2016 until approximately July 2021.

9. Plaintiff and other waste disposal drivers regularly work over 40 hours per week. For example, Plaintiff currently estimates that he worked an average of 13-15 hours per day and an average of 6-7 days per week.

10. Plaintiff and other waste disposal drivers are paid on a piece-rate basis. Specifically, they receive a pre-determined amount in compensation for each route they complete.

11. Defendant has not paid Plaintiff and other waste disposal drivers any overtime premium compensation for hours worked over 40 per week.

12. In failing to pay Plaintiff and other waste disposal drivers overtime premium compensation, TTR acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA

## CLASS/COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. §216(b) and brings his PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23. He sues on behalf of himself and every other individual employed by TTR as a waste disposal driver within the past three years.

14. Plaintiff's FLSA claim should proceed as a collective action because he and other collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

15. Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

16. The class, upon information and belief, includes over 40 individuals, all of whom are readily ascertainable based on TTR's business records and are so numerous that joinder of all class members is impracticable.

17. Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

18. Plaintiff and his lawyers will fairly and adequately represent the class members and their interests.

19. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns TTR's common compensation policies, as described herein. The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

20. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I – FLSA

21. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for

hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

22. TTR willfully violated the FLSA by failing to pay overtime premium compensation to Plaintiff and other members of the FLSA collective.

## COUNT II – PMWA

23. The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week. *See* 43 P.S. § 333.104(c).

24. TTR violated the PMWA by failing to pay overtime premium compensation to Plaintiff and other members of the Rule 23 class.

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and other members of the class/collective, seeks the following relief:

    A.    Unpaid overtime wages and prejudgment interest;

    B.    Liquidated damages to the fullest extent permitted under the FLSA;

    C.    Litigation costs, expenses, and attorneys' fees; and

    D.    Such other and further relief as the Court deems just and proper.

# JURY DEMAND

Plaintiff demands a jury trial.

Date: October 4, 2021

Respectfully,

*[signature]*

---

Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

Clif Alexander*
Austin W. Anderson*
Carter Hastings*
AndersonAlexander
819 N. Upper Broadway
Corpus Christi, Texas 78401
(361) 452-1279

*pro hac vice* admission anticipated

# CONSENT TO JOIN WAGE CLAIM

Print Name: **Thomas O'Donnell**

1. I hereby consent to participate in a collective action lawsuit against **TAMAQUA TRANSFER AND RECYCLING, INC.** to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at ANDERSON ALEXANDER, PLLC as my attorneys to prosecute my wage claims.

4. I intend to pursue my claim individually, unless and until the Court certifies this case as a collective action. I agree to serve as the Class Representative if the Court so approves. If someone else serves as the Class Representative, then I designate the Class Representative(s) as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with the Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

5. I authorize the law firm and attorneys at ANDERSON ALEXANDER, PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: Thomas O'Donnell (Sep 2, 2021 11:42 EDT)